THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHERRY WISE-GIBSON                                                                                 PLAINTIFF

v.                              Civil No. 13-2236

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                                     DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Sherry Wise-Gibson, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background**

Plaintiff applied for DIB and SSI on February 16, 2011. (Tr. 17.) Plaintiff alleged an onset date of March 20, 2010 due to "facet arthropathy, disc bulge with extreme pain and incontinence, severe depression. borderline personality disorder, attention deficit disorder, bipolar, back injury, and spinal disc bulges at L3-4." (Tr. 169.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on November 29, 2011 in front of Administrative Lw Judge ("ALJ") Ronald L. Burton.  Plaintiff was present to testify and was represented by counsel.  The ALJ also heard testimony from Vocational Expert ("VE") Sarah Moore. (Tr. 44.)

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, Plaintiff was 40 years old, possessed a high school diploma, and had completed LPN (licensed practical nurse) training. (Tr. 47-48.) The Plaintiff had past relevant work experience ("PRW") in the nursing field as an LPN.

On May 11, 2012, the ALJ concluded that Plaintiff suffered from the following severe impairments: degenerative disc disease and personality disorder. (Tr. 19.) The ALJ found that Plaintiff maintained the residual functional capacity to perform medium work "except only minimal interpersonal contact." (Tr. 22. After questioning the VE about the requirements of Plaintiff's PRW, the ALJ determined that the Plaintiff could perform her former PRW as a Licensed Practical Nurse. (Tr. 29.)

Plaintiff requested a review by the Appeals Council on July 14, 2012. (Tr. 12.) The Appeals Council declined review on August 27, 2013. (Tr. 1.)  Plaintiff filed this appeal on October 31, 2013. (ECF. No. 1.)  Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 14, 15.)

## II. Applicable Law

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence  is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's

2

findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920 (2003).

### III. Discussion

Plaintiff raises five issues on appeal: 1) the ALJ erred at Step Two because Plaintiff has additional severe impairments; 2) the ALJ erred at Step Three because the Plaintiff meets Listing 12.04, 12.06, and 12.08; 3) the ALJ erred because his RFC Finding is contrary to the evidence, in part because

the Commissioner excluded evidence from Plaintiff's treating primary physician from the transcript without explanation; 4) the ALJ erred in his *Polaski* credibility analysis; and 5) the ALJ erred because Plaintiff cannot perform her PRW.  This Court agrees that the exclusion of the treating physician evidence and the ALJ's failure to make explicit findings as to Plaintiff's nonexertional impairments at Step Four both require a remand. Therefore the other issues will not be addressed.

**A.    Failure to Include Treating Physician Elangwe's Records in the Administrative Record**

Plaintiff provided evidence that she included copies of medical record from her primary care provider, Dr. Elangwe to the AC on July 22, 2013 in conjunction with her AC Appeal (ECF. No. 14-3.) These records covered the period from July 2011 to February 2013, during which time Plaintiff saw Dr. Elangwe approximately monthly. (ECF. No.14-3.) The last assessment in 2013 indicated the following diagnoses: bipolar disorder, cervicalgia, lumbago, and edema. (ECF 14-3 at 36.) Her most recent prescription medication list  included  Lasix, methadone, oxycodone, phenergan, and lithium carbonate. (ECF. No.14-3 at 35.) Dr. Elangwe was mentioned at least twice during the hearing in November. (Tr. 46, 65.)

There is no disagreement that Dr. Elangwe's treatment records were actually sent to the Agency. Defendant argues that the failure to include the treatment records in the Administrative record necessarily indicates that the AC declined to find it new and material. (ECF No. 15 at 14.) However, no explanation was given by Defendant as to why receipt of the evidence was not acknowledged by the AC. Nor did the AC make any finding  that the evidence was not new and material, as required by the regulations, Agency policy interpretation, and the Agency Hearings, Appeals, and Litigation  Law Manual ("HALLEX"). *See* 20 CFR §§ 404.970(b), 416.1476 (WestlawNext through Jan. 8, 2015); SSR 11-1p; Hallex I-3-3-6. Without either acknowledgment or analysis by the AC, this Court cannot  discern  whether the AC properly considered or even received the evidence in question. *See Lamp v. Astrue*, 531 F.3d 629, 632 (8th

4

Cir. 2008) (ordering a remand to the ALJ when it was not possible to discern whether AC properly considered new and material evidence submitted after the ALJ's decision.)

Thus, the only real question regarding Plaintiff's proffered treatment records are whether they qualify as new and material evidence.

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215.

In this case, there is no dispute that Plaintiff submitted the documents prior to this proceeding, thus there is no need to evaluate the failure to submit the records. The records cover approximately one and a half years of essentially monthly visits with Plaintiff's primary care physician. They further provide notations on multiple medical conditions, including bipolar disorder, thyroid issues, cardiac dysrhythmia, chronic back pain, and neck pain. Given that Plaintiff alleged back issues and mental impairments in her application, these notations are relevant and probative of at least some of Plaintiff's conditions. Finally, the ALJ gave "very little weight" to Dr. Elangwe's Physical RFC assessment in part because "the evidence of record fails to demonstrate that Dr. Elangwe ever treated or examined the Plaintiff. . . ." (Tr. 26.) Given that Dr. Elangwe's RFC is one of two in the record, is the only one from an examining physician, and is more restrictive than the RFC from the nonexamining Agency physician, it is reasonably likely that this new evidence might change the ALJ's determination.

AO72A
(Rev. 8/82)

Thus, a remand is necessary to permit the ALJ to evaluate Dr. Elangwe's treatment records, as well as to evaluate the effect of these records on Plaintiff's Overall RFC.

**B.  The ALJ's Failure to Make Explicit Findings as to the Mental Demands of Plaintiff's PRW at Step Four**

The plain language of the regulations, Eighth Circuit case law, and Agency policy interpretation all require the ALJ to

> make explicit findings regarding the actual physical and mental demands of the claimant's past work. Then, the ALJ should compare the claimant's residual functional capacity with the actual demands of the past work to determine whether the claimant is capable of performing the relevant tasks. A conclusory determination that a claimant can perform past work without these findings, does not constitute substantial evidence that the claimant is able to return to his past work.

*Ingram v. Chater*, 107 F.3d 598, 604 (8th Cir. 1997) (quoting *Groeper v. Sullivan*, 932 F.2d 1234, 1238-39 (8th Cir. 1991.); *see also Lowe v. Apfel*, 226 F. 3d 969, 972 (8th Cir. 2010); 20 CFR §§ 404.1520(f), 416.920(f) (WestlawNext through Jan. 8, 2015); SSR 82-62.

In this case, the ALJ assigned Plaintiff an Overall RFC of medium work "except only minimal interpersonal contact." (Tr. 22.) At the hearing, the ALJ questioned the VE concerning the physical demands and skill level required for her PRW. However, the ALJ did not inquire as to how Plaintiff's mental RFC requirement of minimal interpersonal contact would affect her ability to act as a licensed practical nurse. (Tr. 49-50.)

Nor did the ALJ address the limitation for minimal interpersonal contact in his opinion, stating only:

> The vocational expert testified at the hearing the claimant performed work as a licensed practical nurse (Dictionary of Occupational Titles Code (DOT) 354.374-010), classified at the medium level of exertion and semi-skilled, but performed at the heavy level of exertion at times, but light sometimes as well.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed.

(Tr. 29.)

This failure to discuss Plaintiff mental impairments in relation to her PRW is quite troubling, given the DOT 354.374-010: Practical Nurse job summary. This summary states that a practical nurse:

> Cares for patients and children in private homes, hospitals, sanatoriums, industrial plants, and similar institutions: Bathes and dresses bed patients, combs hair, and otherwise attends to their comfort and personal appearance. Cleans room, and changes bed linen. Takes and records temperature, pulse, and respiration rate. Gives medication as directed by physician or NURSE, GENERAL DUTY (medical ser.) 075.364-010, and makes notation of amount and time given. Gives enemas, douches, massages, and alcohol rubs. Applies hot and cold compresses and hot water bottles. Sterilizes equipment and supplies, using germicides, sterilizer, or autoclave. Prepares food trays, feeds patients, and records food and liquid intake and output. Cooks, washes, cleans, and does other housekeeping duties in private home. May give injections. May care for infants and small children in private home.

http://www.occupationalinfo.org/35/354374010.html (last visited Jan. 13, 2015.)

The ALJ neither questioned the VE nor provided any findings as to how a nurse might be able to provide adequate care for a patient utilizing only minimal interpersonal contact. Nor can this Court determine how this care might be accomplished given the information currently contained in the record.

Therefore, a remand is necessary to give the ALJ the opportunity to provide the required explicit findings on this topic.

## IV.     Conclusion

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 14th day of January 2015.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)